UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARRELL GAEBEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: 1:22-CV-00141 |
| UNITED STATES POLO ASSOCIATION, | ) (LMB/JFA) |
| | ) |
| Defendant. | ) |

**DEFENDANT UNITED STATES POLO ASSOCIATION'S
BRIEF IN SUPPORT OF ITS RULE 60(b)(6) MOTION TO REOPEN THE JUDGMENT
TO AWARD ATTORNEYS' FEES UNDER RULE 54(d)**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................... ii

**PRELIMINARY STATEMENT** ....................................................................................... 1

**STATEMENT OF THE FACTS** ...................................................................................... 2

    A.     Gaebel entered a contract with the USPA, requiring him to abide by the USPA's By-Laws, including the By-Law obligating him to reimburse the USPA for the attorneys' fees and costs the USPA incurred in defending Gaebel's non-meritorious lawsuit against the USPA. .................................................................................................... 2

    B.     Gaebel filed a lawsuit against the USPA, the Court dismissed the lawsuit, the U.S. Court of Appeals for the Fourth Circuit affirmed, and the U.S. Supreme Court denied Gaebel's petition for a writ of certiorari. ........................................................................................................ 3

    C.     Gaebel breaches his obligation to reimburse the USPA for its costs in defending Gaebel's unsuccessful lawsuit. ............................................. 5

    D.     The USPA files the Reimbursement Action, which the Court dismissed after observing that the fact pattern was "absolutely unique." .................................................................................................... 6

**ARGUMENT** ...................................................................................................................... 7

    I.     The USPA filed its motion "within a reasonable time," as it has diligently been pursuing fees since June of 2022. ............................................... 7

    II.     The USPA has satisfied Rule 60(b)(6) because it has a clear entitlement to fees, the equities are on its side, and it has behaved reasonably. ................ 9

**CONCLUSION** ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Cooper*,
  555 F. Supp.3d 226 (E.D.N.C. 2021) .................................................................. 8

*Bowyer v. District of Columbia*,
  779 F.Supp.2d 159 (D.D.C. 2011) ...................................................................... 9

*Carolina Power and Light Co. v.*
  *Dynegy Mktg. & Trade*,
  415 F.3d 354 (4th Cir. 2005) ............................................................................. 11

*Colonial River Wealth Advisors v.*
  *Cambridge Investment Research*,
  2024 WL 69071 (E.D. Va. 2024) ...................................................................... 11

*Compton v. Alton S.S.*,
  608 F.2d 96 (4th Cir. 1979) ............................................................................ 7, 9

*Gaebel v. United States Polo Association*,
  2022 WL 1509120 (E.D. Va. May 12, 2022) ..................................................... 4

*Gaebel v. United States Polo Association*,
  2023 WL 4074042 (4th Cir. 2023) ..................................................................... 4

*Gaebel v. United States Polo Association*,
  2023 WL 4074042 (U.S. 2023) .......................................................................... 4

*Gaebel v. United States Polo Association*,
  No. 22-1666 (4th Cir. Sept. 8, 2022) .................................................................. 5

*Kraft Foods North America v. Banner Engineering Sales*,
  446 F. Supp. 551 (E.D. Va. 2006) .................................................................... 11

*Lawley v. Northam*,
  2013 WL 1786484 (D. Md. 2013) .................................................................... 11

*McGraw v. Barnhart*,
  450 F.3d 493 (10th Cir. 2006) ............................................................................ 9

*North Carolina Alliance for Transportation Reform v.*
  *U.S. Department of Transportation*,
  104 F.Supp.2d 599 (M.D. N.C. 2000) .......................................................... 9, 11

*Ray Haluch Gravel v. Central Pension Fund of*
  *Intern. Union of Op. Engineers and*
  *Participating Employers*,
  571 U.S. 177 (2014) .......................................................................................... 11

*Route Triple Seven Ltd. Partnership v.*
  *Total Hockey*,
  127 F. Supp. 3d 607 (E.D. Va. 2015) ............................................................... 11

*United States v. Approximately $13,205.54 in U.S. Currency*
  *Seized from Rahkim Franklin on August 21, 2018*
  *in Rutherford County, N.C.*,
  2022 WL 3146308 (W.D. N.C. 2022) .............................................................................. 10, 11

**Rules**

Federal Rule of Civil Procedure 54(d) ................................................................................. 1, 6, 11

Federal Rule of Civil Procedure 60(b)(1-3) ................................................................................. 7

Federal Rule of Civil Procedure 60(b)(6) ........................................................................... passim

Federal Rule of Civil Procedure 60(c)(1) .............................................................................. 6, 7, 8

**PRELIMINARY STATEMENT**

Defendant United States Polo Association (the "USPA") moves under Federal Rule of Civil Procedure 60(b)(6) to set aside the judgment to allow it to file a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d) and the fee-shifting provision in the USPA's Amended and Restated By-Laws (the "By-Laws"). In a related case[1], the Court acknowledged that the By-Laws are "crystal clear" that the USPA—which prevailed in this matter—is entitled to attorneys' fees and that justice and fairness call for awarding them. Ex. A (Transcript of March 29, 2024 hearing in Reimbursement Action) 14 – 15. As the Court stated, this was a "very weak case" that was "close to rule 11 sanctionable." *Id.* at 14. And the Court told Plaintiff Darrell Gaebel's attorneys at the hearing on the motion to dismiss that it was "actually surprised that you filed this case given how weak the evidence is you've alleged in your complaint." Ex. B (Transcript of May 6, 2002 hearing) at 5-6. The Court then dismissed the case from the bench. ECF 39. The hearing lasted eight minutes. *Id.* (8:58 am to 9:06 am).

After the Court dismissed the case, the USPA had expected that Gaebel would accept his resounding defeat and move on. But he did not, forcing the USPA to participate in a court-ordered mediation and an appeal. Gaebel took these additional steps with full knowledge that the USPA intended to seek attorneys' fees through an action under the By-Laws. Ex. C (Letter from USPA counsel to Gaebel counsel dated July 8, 2022). The USPA—having been forced to defend a meritless lawsuit, at great expense, through appeal—filed the Reimbursement Action. In the Reimbursement Action, the Court concluded that the USPA should have sought fees under Rule 54(d) instead of through an independent action to enforce Gaebel's contractual reimbursement

---

[1] *United States Polo Association v. Gaebel*, 1:23-cv-01745-LMB-WEF (E.D. Va.) (the "Reimbursement Action"),

obligations—a conclusion with which the USPA respectfully disagrees. *See generally* ECF 22 at 10. But the Court also observed that it could achieve a fair and just result by reopening this case to entertain a Rule 54(d) motion for attorneys' fees under Rule 60(b)(6), which "provides a court with a grand reservoir of power to do justice in a particular case, and vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *United States Polo Association v. Gaebel*, 1:23-cv-01745, ECF 22 at 10 n.7 (cleaned up).

## STATEMENT OF THE FACTS

**A.  Gaebel entered a contract with the USPA, requiring him to abide by the USPA's By-Laws, including the By-Law obligating him to reimburse the USPA for the attorneys' fees and costs the USPA incurred in defending Gaebel's non-meritorious lawsuit against the USPA.**

Gaebel was a member of the USPA. ECF 13. As a condition of membership, Gaebel agreed to be bound and abide by the By-Laws of the USPA, as published yearly in the USPA Rulebook. Amended Complaint. *Id.* at 2; Ex. D (USPA Membership Terms & Conditions). Among other things, the USPA's By-Laws contain the following provision, which concerns members' obligation for legal fees when they file litigation against the USPA and do not prevail:

> Where a Member files a lawsuit or other legal claim against the [USPA] . . ., to the extent that the [USPA] prevails on the merits in such lawsuit or legal proceeding, the Member shall be required to reimburse the [USPA] for all of its attorneys' fees and costs incurred in the lawsuit or other legal proceeding, including all attorneys' fees and costs incurred pre-filing, before the trial court, on appeal, and in any post-trial collection proceedings.

ECF 22-2 at 21 (Article X).

**B.     Gaebel filed a lawsuit against the USPA, the Court dismissed the lawsuit, the U.S. Court of Appeals for the Fourth Circuit affirmed, and the U.S. Supreme Court denied Gaebel's petition for a writ of certiorari.**

On December 15, 2021, Gaebel filed a complaint against the USPA in the Circuit Court for Loudon County, Virginia. ECF 13 at 1. Gaebel's lawsuit arose from the USPA's adjudication of disciplinary charges against Gaebel based on complaints the USPA had received about Gaebel's conduct during and after a polo game at an event organized by a USPA member club. ECF 13 ¶¶ 10-12. Specifically, the complaints alleged that—after Gaebel and a fourteen-year-old player collided during the game—Gaebel had used "foul and racial language" toward the fourteen-year-old after and later physically intimidated him. ECF 13-3 at 2. After a hearing on the disciplinary charges, the Executive Committee of the USPA issued a Final Order, finding that there was insufficient evidence to find that Gaebel had directed a racial slur at the fourteen-year-old and, therefore, to conclude that a Conduct Violation had occurred. ECF 13-6.

Notwithstanding having prevailed in the disciplinary proceeding, Gaebel asserted five claims in his state-court complaint arising from the USPA's adjudication of the charges against him. ECF 1-1. Among other things, Gaebel asserted contract-based claims under the USPA's Constitution and By-Laws based on his status as a member of the USPA. *Id.* at 17 (Count III). Gaebel alleged that he had "entered a contract with the USPA when he became a Registered Player and thus a paying member of the USPA." ECF 1-1 ¶ 34. And he conceded that he was bound "to conduct himself in a manner in conformity with the USPA Constitution, Bylaws**,** Rules and Procedures, Code of Conduct, and Membership Terms and Conditions." *Id*. Gaebel sought $2,000,000 of compensatory damages, $350,000 of punitive damages, $80,000 in attorneys' fees and costs incurred in his defense of the USPA's disciplinary charges, and attorneys' fees and costs in his action against the USPA. *Id.* ¶ 32.

After removing Gaebel's action to this Court, the USPA moved to dismiss Gaebel's complaint. ECF 8. Instead of responding to the USPA's motion to dismiss, Gaebel filed an amended complaint, which the USPA also moved to dismiss. ECF 13; ECF 21.

During the argument on the USPA's motion to dismiss, the Court questioned only Gaebel's counsel. Ex. A. The Court told Gaebel's lawyers that it was "actually surprised that you filed this case given how weak the evidence is you've alleged in your complaint." *Id.* at 5-6. At the conclusion of the hearing, the Court dismissed all five of Gaebel's claims. *Id.* at 8. The Court later issued a seventeen-page memorandum opinion on the USPA's motion to dismiss, rejecting each of Gaebel's claims on the merits. *Gaebel v. United States Polo Association*, 2022 WL 1509120 (E.D. Va. May 12, 2022). Among other things, the Court observed that the USPA's conduct "was responsible: upon receiving allegations that one of its members used a racial slur against a minor, it held a hearing to get to the bottom of the allegations, and after finding insufficient evidence for the charges, dismissed them." *Gaebel,* 2022 WL 1509120 at *8.

Notwithstanding his resounding loss, Gaebel appealed. ECF 40. Before briefing the appeal, Gaebel and the USPA engaged in unsuccessful court-ordered mediation. *Gaebel v. United States Polo Association*, 22-1666 (4th Cir.), ECF 11. Undeterred, Gaebel pursued the appeal. *See Gaebel v. United States Polo Association*, 2023 WL 4074042 (4th Cir. 2023). But finding "no reversible error," the Fourth Circuit affirmed the District Court on June 20, 2023. *Id.*

Gaebel was not done yet. He later filed a petition for a writ of certiorari in the United States Supreme Court. *Gaebel v. United States Polo Association*, 2023 WL 4074042 (U.S. 2023). The USPA waived its right to respond to the petition, and the Supreme Court denied the petition on October 30, 2023. *Id.*

### C. Gaebel breaches his obligation to reimburse the USPA for its costs in defending Gaebel's unsuccessful lawsuit.

From the outset of this lawsuit, the USPA attempted to avoid the wasteful expenditure of legal resources on both sides. In or around late January 2022, the USPA's outside attorney called Gaebel's attorney, Quendale G. Simmons of Butzel Long, P.C., to discuss Gaebel's lawsuit. Reimbursement Action, ECF 1 ¶ 13. The USPA's attorney communicated, in substance, that Gaebel's lawsuit was legally meritless and suggested Simmons urge Gaebel to voluntarily dismiss the lawsuit before both parties wasted resources litigating a motion to dismiss.[2] *Id*. Simmons communicated, in substance, that he would pass the message on to Gaebel's attorney Mark Dycio of Dycio & Biggs, who was listed on the complaint as "local counsel." *Id*. Neither Dycio nor Simmons nor any other attorney for Gaebel followed up with the USPA's counsel before the USPA's deadline to respond to the complaint. *Id*.

Following the Fourth Circuit's affirmance and the expiration of Gaebel's time to seek a rehearing or rehearing *en banc*, the USPA wrote to Gaebel requesting reimbursement of $192,192.47 under Article XI of the USPA's Amended and Restated By-Laws. *Id*. ¶ 23. The USPA attached a summary of the expenses for which it was seeking reimbursement and included payment instructions. *Id.* Gaebel did not respond to this request. *Id.*

On November 17, 2023—after the Supreme Court denied Gaebel's petition for a writ of certiorari—the USPA again wrote to Gaebel requesting reimbursement. *Id.* ¶ 25. The USPA again attached a summary of the expenses for which it was seeking reimbursement and included payment instructions. *Id.* ¶ 23. Gaebel did not respond to this request either. *Id.* ¶ 25.

---

[2] The USPA also discussed the reimbursement requirement in its briefs in the District Court and Fourth Circuit. *See* Brief of Appellee, USPA, *Gaebel v. United States Polo Association*, No. 22-1666 (4th Cir. Sept. 8, 2022) at 5, ECF 17; USPA's Brief in Support of Its Motion to Dismiss the Amended Complaint at 3, ECF 22; USPA's Brief in Support of Its Motion to Dismiss the Complaint at 4, ECF 9.

### D. The USPA files the Reimbursement Action, which the Court dismissed after observing that the fact pattern was "absolutely unique."

The USPA filed the Reimbursement Action approximately one month later. *Id.* Defendant Gaebel moved to dismiss, arguing that the USPA was required to have sought attorneys' fees under Rule 54. Reimbursement Action ECF 12.

The Court heard oral argument on March 29, 2024. Reimbursement Action, ECF 18. At the argument, the Court recognized that the case presented "to some degree, an issue of first impression in this type of factual scenario," calling the fact pattern "absolutely unique." Ex. A at 29. The Court stressed the equities on multiple occasions over the course of the hearing. To start, the Court stated that "concerned about whether this is -- whether it is fair and appropriate, in terms of justice issues, that the defendant not be – I'm sorry, that the plaintiff not be able to recoup some of its fees." Ex. A at 14. The Court was especially concerned about Defendant's pursuit of his appeal. *Id.* The Court later expressly raised the prospect of the USPA's pursuing its fees in this action under Rule 60(b)(6), stating that such a motion would serve the "broader purpose of fairness and justice." *Id.* at 17. The Court went on to say that "if one looks at this, putting aside all the rigidity of the rules and what is really a fair outcome here, why should Mr. Gaebel be able to walk away from this complete line of really unnecessary litigation and the Polo Association is out, you know, several hundred thousand dollars and the fees that they've had to spend at least going on from the appeal?"

The Court was correct, and the USPA now moves under Rule 60(b)(6) to set aside the judgment under Federal Rule of Civil Procedure 60(b)(6) to allow it to file a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d).

# ARGUMENT

Under Rule 60(b)(6), a court may relieve a party from a final judgment for any reason that justified relief. The motion must be made "within a reasonable time." Rule 60(c)(1). A district court's resolution of a Rule 60(b)(6) motion is reviewed for abuse of discretion. *See Compton v. Alton S.S.*, 608 F.2d 96, 107 (4th Cir. 1979). For the reasons set out below, the Court should exercise its discretion to reopen the case to permit the USPA to file a Rule 54(d) motion for attorneys' fees.

## I. The USPA filed its motion "within a reasonable time," as it has diligently been pursuing fees since June of 2022.

The timing of a Rule 60(b)(6) motion is governed by Rule 60(c)(1). While Rule 60(c)(1) provides a one-year time limitation on motions under Rule 60(b)(1-3), motions under Rule 60(b)(6) need only be made within a reasonable time. Under the circumstances, the USPA's motion has been filed in a reasonable time.

As set forth above, Gaebel has been on notice since no later than July 8, 2022 that the USPA would be seeking fees. Ex. C. This is 44 days from May 26, 2022—the date Gaebel has claimed the USPA was required to file its Rule 54 motion. May 26, 2022 is also the first time that the USPA would have had to declare its intention to seek attorneys fees. But, in fact, the USPA had foreshadowed that it could seek fees from the earliest stages of the litigation. ECF 9 at 4 (USPA's Brief in Support of Its Motion to Dismiss the Complaint).

Relying on its rights under the By-Laws to seek reimbursement of its "attorneys' fees and costs incurred in the lawsuit or other legal proceeding, including all attorneys' fees and costs incurred pre-filing, before the trial court, on appeal," the USPA sent a demand to Gaebel after the expiration of Gaebel's time to seek a rehearing or rehearing *en banc*, of the Fourth Circuit's opinion affirming this Court's dismissal. Reimbursement Action, ECF 1 ¶ 23. The USPA wrote to

7

Gaebel requesting reimbursement of $192,192.47 under Article XI of the USPA's Amended and Restated By-Laws. *Id.* ¶ 23. The USPA attached a summary of the expenses for which it was seeking reimbursement and included payment instructions. *Id.* Gaebel did not respond to this request. *Id.*

On November 17, 2023—after the Supreme Court denied Gaebel's petition for a writ of certiorari—the USPA again wrote to Gaebel requesting reimbursement. *Id.* ¶ 25. The USPA again attached a summary of the expenses for which it was seeking reimbursement and included payment instructions. *Id.* ¶ 23. Gaebel did not respond to this request either. *Id.* ¶ 25.

The USPA filed the Reimbursement Action approximately one month later. *Id.*

Less than two years have elapsed since the Court's dismissal of Gaebel's complaint. If this case had gone to trial and the Court were assessing a post-trial fee petition—and, specifically, fees for bringing a motion to dismiss—it is likely that nearly as much time would have elapsed between the motion to dismiss stage and judgment as has between judgment and this Rule 60(b)(6) motion. Even in this district, the median time to trial during the relevant period was more than two years. *See* U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (December 31, 2022) (median time to trial in Eastern District of Virginia was 26.4 months), *available at* https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2023/06/30 (last visited April 17, 2024). In some districts, the median time to trial was greater than fifty months— more than twice the amount of time that has elapsed since May 2022. *Id.* And even the median time to trial across all district courts was greater than thirty-three months. *Id.*

There is nothing objectively unreasonable about assessing and awarding attorneys' fees less than two years after the resolution of a motion to dismiss. USPA's motion satisfies Rule 60(c)(1). As shown above, the USPA has proceeded expeditiously under the circumstances. *See*

8

*Allen v. Cooper*, 555 F. Supp.3d 226, 234 (E.D.N.C. 2021) (considering movant's diligence in pursuing relief and concluding that motion was timely). And as shown below, Gaebel will not be prejudiced (in any way that the law recognizes, at least) by reopening the judgment for the assessment of attorneys fees. *Cf. Bowyer v. District of Columbia*, 779 F.Supp.2d 159, 166 (D.D.C. 2011) (granting Rule 60(b)(6) motion where grounds for motion arose more than thirteen months earlier because defendants had not claimed prejudice). The USPA's motion is timely.

II. **The USPA has satisfied Rule 60(b)(6) because it has a clear entitlement to fees, the equities are on its side, and it has behaved reasonably.**

Under Rule 60(b)(6), a court may reopen a final judgment for "any [] reason that justifies relief." Reimbursement Action, ECF 22 at 10 n.7. This "catch-all clause' provides a court 'with a grand reservoir of equitable power to do justice in a particular case, and vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Id.* (citing *Compton v. Alton S.S.*, 608 F.2d 96, 107 (4th Cir. 1979)). And while relief under Rule 60(b)(6) is "extraordinary and reserved for exceptional circumstances," it is equally true that the rule "should be liberally construed when substantial justice will thus be served." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Courts have relied on Rule 60(b)(6) to reopen judgments to permit the award of attorneys' fees. *See McGraw*, 450 F.3d at 505; *North Carolina Alliance for Transportation Reform v. U.S. Department of Transportation*, 104 F.Supp.2d 599, 605-606 (M.D. N.C. 2000). The Court should do so here.

Here, the Court has acknowledged that both the plain language of the USPA's By-Laws and the equities would support an award of attorneys' fees to the USPA. The Court called the By-Laws "crystal clear."[3] Ex. A 14 – 15. And it expressed concern about the justice and fairness of

---

[3] Gaebel has argued that the By-Law is unenforceable under the Illinois General Not for Profit Corporation Act of 1996 because—it claims—the By-law shifts the USPA's liability onto

9

the USPA's having "had to expend a significant amount of money to defend against really what as a groundless lawsuit." *Id.* at 15.

Gaebel has no answer to either of these concerns. He has not argued that the USPA is not entitled to fees under the plain language of the By-Laws. And at the hearing on Gaebel's motion to dismiss the Reimbursement Action, Gaebel's current counsel offered no defense of his prosecution of this lawsuit, notwithstanding having had many opportunities to do so. *See generally* Ex. A.

Nor did Gaebel identify any concrete prejudice that would arise from considering fees now. *See generally id.* Under the By-Laws, prevailing party fees are mandatory, so there would be no cognizable prejudice to permitting the USPA to pursue them. *Cf. United States v. Approximately $13,205.54 in U.S. Currency Seized from Rahkim Franklin on August 21, 2018 in Rutherford County, N.C.*, 2022 WL 3146308, *3 (W.D. N.C. 2022) (permitting untimely filing of attorneys' fees petition and observing that it would be the prevailing party that would be prejudiced if the petition were stricken because fees were mandatory). And, in light of the timeline set out above, Gaebel's empty invocation of "finality" is unpersuasive. Doubly so because Gaebel continued to claim as recently as last month—notwithstanding this Court's and the Fourth Circuit's rejection of it—that the USPA "defam[ed] Gaebel by repeating the uncorroborated allegations of the complainant, and then depriv[ed] Gaebel of due process within the USPA proceeding." Reimbursement Action, ECF 17 at 1 n.1. Indeed, the trial of Gaebel's state-court defamation

---

Gaebel. Reimbursement Action, ECF 12 at 1-2. The Court did not reach this issue in resolving Gaebel's motion to dismiss in the Reimbursement Action. ECF 22 at 5. The Court, however, expressed deep skepticism of this argument at the hearing on Gaebel's motion to dismiss. Ex. A at 15 ("I know you've got this secondary argument that the bylaws somehow and not enforceable under Illinois law, and I've really not spent a whole lot of time on that issue because I don't think it's a strong issue."); *id.* at 27 ("I'm not sure that argument flies.")

lawsuit against the fourteen-year-old polo player, his parents, and his coach is not scheduled for trial until December 2024. Ex. E (Uniform Trial Scheduling Order entered March 22, 2024).

The USPA did not pursue attorneys' fees under Rule 54 because it reasonably believed in good faith that it could pursue them in a breach of contract action and preferred to give Gaebel the opportunity to walk away. While the Court has concluded that the USPA was required seek fees under Rule 54, the Court also acknowledged that the Reimbursement Action presented "to some degree, an issue of first impression in this type of factual scenario," calling the fact pattern "absolutely unique."[4] Ex. A at 29. There is no suggestion that the USPA intentionally flouted the rules or acted in bad faith; instead, it followed a path that appeared to be available. *Cf. Approximately $13,205.54 in U.S. Currency*, 2022 WL 3146308 at *4 (denying motion to strike attorneys fees where delay arose from counsel's good-faith but mistaken interpretation of the

---

[4] We respectfully observe that the Court's opinion granting Gaebel's motion to dismiss the Reimbursement Action was predicated exclusively on distinguishable cases—none of which squarely addressed the issue presented in the Reimbursement Action. The Court's analysis rested principally on *Carolina Power and Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354 (4th Cir. 2005)—a nearly twenty-year-old case that Gaebel did not cite in either of his briefs in support of his motion to dismiss and that his counsel raised for the first time during sur-rebuttal at the motion to dismiss hearing, directly before the hearing drew to a close. *See* Reimbursement Action, ECF 12; Reimbursement Action, ECF 17; Ex. A at 28-29. While the USPA concedes that *Carolina Power and Light* contains an extensive discussion of Rule 54(d), the holding in the case concerned whether an unresolved claim for contractual attorneys' fees prevented a judgment from being final for purposes of 28 U.S.C. § 1291. 415 F.3d at 355. The holding in that case—which was later abrogated by the Supreme Court, *see Ray Haluch Gravel v. Central Pension Fund of Intern. Union of Op. Engineers and Participating Employers*, 571 U.S. 177 (2014)—did not concern whether a claim for contractual attorneys' fees could be pursued as an independent claim in a plenary action. Nor did any of the other cases that the Court cited so hold. *See Colonial River Wealth Advisors v. Cambridge Investment Research*, 2024 WL 69071, *4 (E.D. Va. 2024) (Only contested issue was reasonableness of fees); *Route Triple Seven Ltd. Partnership v. Total Hockey*, 127 F. Supp. 3d 607, 613 (E.D. Va. 2015) (awarding fees under Rule 54(d); *Kraft Foods North America v. Banner Engineering Sales*, 446 F. Supp. 551, 578 (E.D. Va. 2006) (denying recovery under Rule 54(d) because plaintiff had not carries its burden); *Lawley v. Northam*, 2013 WL 1786484 *25-27 (D. Md. 2013) (holding that defendant's claim for attorneys' fees need not have been specifically pled under Rule 9(g), relying heavily on the since-abrogated opinion in Carolina Power and Light).

interplay between Rule 54(d) and the Civil Asset Forfeiture Reform Act); *North Carolina Alliance for Transportation Reform*, 104 F.Supp.2d at 606 (granting 60(b)(6) motion to permit motion for attorneys' fees under Rule 54 where local rules created ambiguity about deadline). Under these circumstances, the Court should dip into its "grand reservoir of equitable power to do justice" and re-open the judgment to permit the USPA to file its meritorious Rule 549d) motion. ECF 22 at 10 n.7.

**CONCLUSION**

As the Court has acknowledged, Gaebel's lawsuit was—at the very least—"close to rule 11 sanctionable." Ex. A at 14. The USPA's By-Laws are "crystal clear" that the USPA is entitled to attorneys' fees and that justice and fairness call for awarding them. *Id.* 14 – 15. And this Court has discretion under Rule 60(b)(6) to reopen the case to ensure that justice is served. The Court should do so.

Dated: May 6, 2024

By: _____/s/ Heather Fields_____

Heather M. Fields (VSB No. 79175)  Ian M. Dumain (*admitted pro hac vice*)
NELSON MULLINS RILEY  CYRULNIK FATTARUSO LLP
& SCARBOROUGH  55 Broadway, Third Floor
901 E. Byrd Street, Suite 1650  New York, NY 10006
Richmond, VA 23219  idumain@cf-llp.com
Heather.Fields@nelsonmullins.com  mgeorge@cf-llp.com
Tel.: 804.533.3868  Tel.: 646-844-2466
Fax.: 804. 616.4129

*Counsel for Defendant United States Polo Association*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss Reopen the Judgment under Rule 60(b)(6) to Award Attorney's Fees Under Rule 54(d) was electronically filed via CM/ECF which will send a notification of filing (NEF) to the following counsel of record on this 6th day of May 2024:

Mark Dycio (VSB No. 32741)
Dycio & Biggs
10533 Main Street
Fairfax, VA 22030
Telephone: (703) 383-0100
Facsimile: (703) 383-0101
mdycio@dyciolaw.com
*Counsel for the Plaintiff*

By: /s/ Heather Fields

| | |
|---|---|
| Heather M. Fields (VSB No. 79175) | Ian M. Dumain (*admitted pro hac vice*) |
| NELSON MULLINS RILEY | CYRULNIK FATTARUSO LLP |
| & SCARBOROUGH | 55 Broadway, Third Floor |
| 901 E. Byrd Street, Suite 1650 | New York, NY 10006 |
| Richmond, VA 23219 | idumain@cf-llp.com |
| Heather.Fields@nelsonmullins.com | Tel.: 646-844-2466 |
| Tel.: 804.533.3868 | |
| Fax.: 804. 616.4129 | |

*Counsel for Defendant United States Polo Association*